UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| SANGRIA MUELLER, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 2:08CV16 JCH |
| JAMES MAURICE JONES, | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Sangria Mueller's Motion for Entry of Default Judgment against Defendant James Maurice Jones, filed August 26, 2008. (Doc. No. 3). Defendant has not responded to the motion.

By way of background, Plaintiff filed her Complaint in this matter on March 26, 2008. (Doc. No. 1). In her Complaint, Plaintiff alleges that at all relevant times Plaintiff was in the custody of the Women's Eastern Reception, Diagnostic and Correctional Center (WERDCC), in Vandalia, Missouri, and Defendant was employed as an officer at WERDCC. (Id., ¶¶ 1, 2). Plaintiff further alleges that during her incarceration, Defendant forced Plaintiff to engage in sexual relations with Defendant, using his authority as an employee of WERDCC. (Id., ¶ 6). Plaintiff continues to assert Defendant's actions constituted a violation of her rights under the Eighth Amendment to the United States Constitution (Count I); assault (Count II); battery (Count III); and outrageous conduct (Count IV). (Id., ¶¶ 10-28).

On May 15, 2008, Plaintiff filed a Return of Service, indicating she served Defendant on May 8, 2008, by leaving a copy of the Complaint and Summons at his dwelling house or usual place of abode, with a person of suitable age and discretion residing therein. (Doc. No. 2). When Defendant

failed to answer or otherwise appear, Plaintiff filed both a motion for entry of default and a motion for default judgment against Defendant. (Doc. Nos. 3, 6). Pursuant to Fed. R. Civ. P. 55 (a), the Clerk of the Court entered default against Defendant on September 25, 2008. (Doc. No. 7). The Clerk did not enter default judgment, however, because Plaintiff's claims were not for a "sum certain." Fed. R. Civ. P. 55 (b)(1).

In an Order entered October 1, 2008, this Court set a hearing on Plaintiff's Motion for Entry of Default Judgment for Wednesday, October 29, 2008. (Doc. No. 8). After several continuances, the hearing was finally held on Thursday, February 26, 2009. Defendant did not appear at the hearing.[1]

Defendant has now been afforded a full and fair opportunity to submit evidence on the issue of monetary relief, and so the Court may determine the relief to which Plaintiff is entitled pursuant to Fed. R. Civ. P. 55 (b)(2).[2] See Taylor, 859 F.2d at 1333 (quoting Pope v. United States, 323 U.S. 1, 12 (1944)) ("[i]t is a familiar practice . . . for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly"). Therefore, upon careful consideration of the record before it, the Court now awards Plaintiff damages as follows:

---

[1] Attorney Denise Thomas did appear at the hearing, for the State of Missouri. Ms. Thomas participated only to make a record regarding the State's decision not to enter on Defendant's behalf.

[2] Because the Clerk has entered default against Defendant, he has "no further standing to contest the factual allegations of plaintiff's claim for relief." Taylor v. City of Ballwin, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988) (internal quotations and citations omitted). Instead, the "allegations of the complaint except as to the amount of damages are taken as true." Brown v. Kenron Aluminum and Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973) (internal quotations and citations omitted). Accordingly, in deciding the present motion for default judgment, the Court accepts as true both the factual allegations contained in Plaintiff's Complaint, and the evidence presented during the hearing on Plaintiff's Motion for Entry of Default Judgment.

| | |
|---|---|
| Actual Damages: | $1,000,000.00 |
| Punitive Damages: | $1,000,000.00 |

The Court further finds Plaintiff is entitled to recover costs and reasonable attorneys' fees from Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Default Judgment (Doc. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded damages in the amount of $2,000,000.00.

**IT IS FURTHER ORDERED** that Plaintiff's attorney is granted until **Friday, March 13, 2009**, within which to submit a detailed request for costs and attorneys' fees.[3]

Dated this 27th day of February, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[3] After reviewing the request for attorneys' fees and costs and ruling thereon, the Court will issue a final Judgment in this case.